NATHANIEL A. ELSBERG, TRUSTEE IN BANKRUPTCY OF THE JOHN KRESS BREWING COMPANY, PLAINTIFF IN ERROR, v. LOUIS HONECK, DEFENDANT IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

1. The plaintiff, as trustee in bankruptcy, having brought a suit against the defendant, assigned to one M. the chose in action upon which the suit was founded. Thereafter the suit was continued by the assignee in the name of the assignor as plaintiff, and on the trial a nonsuit was asked, upon the ground that the plaintiff of record had disposed of the subject-matter, whereupon it was moved that the proceedings be amended by substituting M. as plaintiff, which was refused and a judgment of nonsuit

ordered.   *Held*, that while the amendment should have been allowed under the circumstances, the granting or refusing of amendments to pleadings is a matter of discretion, and not assignable for error.

2. The statute allowing the assignee of a chose in action to sue in his own name does not prevent him from suing in the name of the assignor, for at common law it was required that the assignee prosecute in the name of the assignor, and a statement in the pleadings that the action was brought for the use of the assignee is commendable, but not necessary.

On error to Bergen Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Raymond P. Wortendyke.*

For the defendant in error, *Wendell J. Wright.*

The opinion of the court was delivered by

BERGEN, J.   The John Kress Brewing Company, to whom the defendant was indebted to the extent of $228, was adjudged a bankrupt on July 24th, 1904, and the plaintiff elected trustee of the bankrupt's estate.

On August 12th, 1905, the plaintiff, as trustee, brought the present action, in the Bergen County Circuit Court, to recover from the defendant the amount due to the bankrupt company. The action was based upon a promissory note made by the defendant to the order of the brewing company for $178, and also for $50, money loaned.   After the suit was commenced, and on October 21st, 1905, the plaintiff, as trustee in bankruptcy, sold and assigned to one Henry Mayer all his right, title and interest as such trustee, "in and to the following alleged cause of action now pending in the Bergen county court in the State of New Jersey, entitled Nathaniel A. Elsberg, trustee in bankruptcy of the John Kress Brewing Company, plaintiff, *v.* Louis Honeck, defendant, to recover the sum of $228," with power of attorney for his use and at his costs and charges, "to sue out executions and take all lawful ways for the recovery of the moneys due and to become due upon any judg-

ment which may be recovered in this action, and on payment to acknowledge satisfaction or discharge the same."

At the trial the plaintiff, having proved the indebtedness due from the defendant to the John Kress Brewing Company, and his appointment as trustee in bankruptcy of that company, offered in evidence the assignment of the cause of action from the plaintiff to Mayer and rested his case, thereupon the defendant moved that a nonsuit be ordered, upon the ground that it then appeared that the plaintiff of record had disposed of his interest in the subject-matter, whereupon the plaintiff moved to amend the proceedings by substituting Mayer as plaintiff. The trial judge refused the amendment and ordered a judgment of nonsuit, which was removed to this court by writ of error, and the errors assigned are the refusal of the amendment and the allowance of the nonsuit:

We think that the amendment should have been allowed under the conditions present in this case, but the granting or refusal of amendments to pleadings is a matter of discretion and not assignable for error. *Crawford* v. *New Jersey Railroad Co.,* 4 *Dutcher* 479.

We are of opinion, however, that the assignee was entitled to prosecute the action to judgment in the name of the assignor, who had instituted the action.

Under the conditions stated the defendant would be in no better position to demand a nonsuit than he would have been if the assignment of the chose in action had been made before the beginning of the suit and he had instituted the action in the name of the assignor. Prior to the statute permitting the assignee of a chose in action to sue in his own name, the assignee was not allowed to do so, but the suit was required to be in the name of the assignor, with power in the assignee to control the suit and receive the proceeds thereof. As was said by Mr. Justice Pitney, in *Sullivan* v. *Visconti,* 39 *Vroom* 543: "In this way the law courts, in effect, administered an equitable remedy, recognizing the original obligee as legally entitled to enforce the contract, but treating him as a trustee for him to whom its benefit had been assigned. Where occasion required, and in every case where the assignee desired it,

this trust was declared on the face of the proceedings by appending to the name of the nominal plaintiff the words 'who sues to the use of' the assignee; a use being nothing but an inactive trust." This case was affirmed by the Court of Errors and Appeals in 40 *Vroom* 452.

It would seem that at common law the assignee not only could, but was required to, bring the suit in the name of the assignor, and although the right to enforce an obligation or contract depended upon a continuing privity between the parties thereto, the courts recognized a chose in action as assignable property and required the assignor to lend the use of his name to the assignee for a suit at law. "Technically, the evidence of the assignee's right to sue at law was in the form of a declaration of trust, with a power of attorney authorizing suit to be brought in the name of the principal, but for the benefit of the attorney." *Sullivan* v. *Visconti, supra.* Nor is it required that the writ and declaration should declare that the suit was instituted for the use and benefit of the person holding the interest in it, as was said by Chief Justice Ewing, in *Belton* v. *Gibbon,* 7 *Halst.* 76 : "There can be no incongruity or impropriety in expressing on the face of the declaration, that it is so brought and for whose use and benefit. There are, indeed, many valuable consequences not necessary to be here at large considered, which may result from a fair and candid avowal of a person really interested in the suit, and for whose advantage it is prosecuted." But the unvarying rule at common law was that the assignee must prosecute the suit in the name of the assignor. The statement by the plaintiff, for whose use and benefit the action was brought, was commendable, but not necessary. In the present case the suit was instituted before the plaintiff of record had assigned the chose in action, and it was not commenced for the use or benefit of any person other than the plaintiff.

The next question to be considered is whether the statute requires the assignee to sue in his own name. It has been determined in this court that the statute does not require that the assignee shall sue in his own name, but only permits this to be done. *Sullivan* v. *Visconti,* 39 *Vroom,* 543, 551.

The judgment below should be reversed.